UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TERRY LEE COLLINS JR.,

    Petitioner,

v.

MARION COUNTY JAIL,

    Respondent.

Case No. 6:24-cv-01933-CL

ORDER OF DISMISSAL

KASUBHAI, District Judge.

Petitioner Terry Lee Collins Jr., an individual in custody at the Marion County Jail ("MCJ"), filed this habeas corpus action pursuant to 28 U.S.C. § 2241 ("Section 2241") challenging the conditions of his confinement. Because Petitioner's claims do not sound in habeas, the Court must summarily dismiss the Petition for Writ of Habeas Corpus (ECF No. 1).

BACKGROUND

On September 19, 2024, Petitioner was arrested in Marion County and charged with numerous offenses, including Rape in the First Degree, Kidnapping in the First Degree, Kidnapping in the Second Degree, Coercion, Unauthorized Use of a Vehicle, Assault in the Fourth Degree, Attempt to Commit a Class C Felony, and Interfering with a Peace/Parole and

1 - ORDER OF DISMISSAL

Probation Officer. *See State of Oregon v. Terry Lee Collins*, 24CR49064; *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (noting that it is appropriate for the court to take judicial notice of materials from another tribunal). Petitioner has been in custody at MCJ since his arrest and is presently awaiting trial.[1]

On November 19, 2024, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, raising three grounds for relief:

> Ground One:  [Oregon Revised Statute §] 34.310.
>
> Facts: C.O. are threatening my life/promise to make my time harder. I haven't received proper medical care to my shotgun wound in my leg for 2 month[s] because Marion County Jail refuse to send another transport C.O. with the transporter who threatened me from the start [and] refused to reschedule my appointment from start.
>
> Ground Two:  Cruel [and] Unusual Punishment
>
> Supporting Facts:  Marion County Jail have me walking every day on my leg with a[n] open shotgun wound knowing the stress from my leg when walking causes me extreme pain in my ankle [sic], head, and toes due to cleft toe. The medical team can easily come to unit for treatment.
>
> Ground Three:  Marion County Jail, same deputy threatened my life 7 years prior, which resulted in my transfer from Marion County Jail to Clackamas County Jail for my safety. Now presently the same C.O. is the transport officer/medical officer working in the nurses unit [and] is living up to his . . . statement stated above "promises to make my life harder here at Marion County Jail" is making my receiving care difficult.

---

[1] Petitioner also appears to have been arrested on two bench warrants for failing to appear in other criminal matters and for a parole violation. *See* Booking Search Results for Terry Lee Collins, MARION COUNTY SHERIFF'S OFFICE, *https://jailviewer.co.marion.or.us/*; *see also Callister v. Owen*, No. 1:16-cv-00474-CWD, 2017 WL 1499224, at *2 (D. Idaho 2017) (explaining that judicial notice may be taken of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" (quoting *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d. 1362, 1381 (C.D. Cal. 2014))).

2 - ORDER OF DISMISSAL

(Pet. at 2.) Petitioner thus claims that his present detention is illegal and "requires immediate court intervention to prevent further deprivation of constitutional and other legal rights." (*Id.* at 3.)

## LEGAL STANDARDS

The district court must undertake a preliminary review and dismiss a petition for writ of habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) (instructing that the Rules apply to habeas petitions brought pursuant to Section 2241). "Rule 4 . . . explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (simplified).

## DISCUSSION

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]" *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) (reaffirming the longstanding and well-settled rule that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement") (simplified). Thus, a claim should proceed in habeas only if the petitioner's success on that claim would "necessarily demonstrate the invalidity of [his] confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (reaffirming that if success on a petitioner's claim "would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus") (simplified).

"[C]onstitutional claims that merely challenge the conditions of . . . confinement, whether the [individual in custody] seeks monetary or injunctive relief, fall outside of [the] core [of

3 - ORDER OF DISMISSAL

habeas corpus]" and should be raised as a civil rights claim "in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (explaining that a civil rights action is the "proper remedy" for an individual in custody "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (noting that "a civil rights action, in contrast [to a habeas petition], is the proper method of challenging 'conditions of confinement'"). Conditions-of-confinement claims are those which "allege[] unconstitutional treatment . . . while in confinement[,]" *Preiser*, 411 U.S. at 499, and the remedy "usually is an award of damages or an order for injunctive relief that requires the institution to cure the constitutional violations[,]" *Jackson v. Twin Falls Cnty. Jail*, No. 1:21-cv-00017-DCN, 2021 WL 1202336, at *2 (D. Idaho Mar. 29, 2021).

Here, Petitioner seeks to "challenge the conditions of his confinement—the manner in which medical care is provided or withheld—not the execution or validity of his sentence." *Bruno v. Warden*, No. CV 20-6390 JFW (PVC), 2021 WL 2323941, at *4 (C.D. Cal. May 14, 2021). Petitioner's claims arising from the alleged delay or denial of adequate medical care to treat his shotgun wound therefore do not fall within the core of habeas corpus and must be raised as a civil rights claim.[2] *See id.* at *4 (holding that the petitioner's claim that the "prison's refusal to treat his medical needs . . . warrant[s] his immediate release so that he may obtain proper care" was not cognizable in a Section 2241 petition). Because Petitioner asserts that specific conditions of his prison life are unconstitutional and does not seek to challenge the legality or duration of

---

[2] To the extent Petitioner alleges that he has refused to seek medical care due to a specific correctional officer's threatening comments, Petitioner is presently pursuing those allegations in a separate civil rights action in this Court. *See Collins v. Douglas*, Case No. 6:24-cv-01905-CL. In any event, such issues also concern the conditions of Petitioner's confinement and do not confer habeas jurisdiction here.

4 - ORDER OF DISMISSAL

his confinement, and because success on his claims would not necessarily result in speedier release, Petitioner's claims are not cognizable in habeas and the petition must be dismissed.[3].

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1), DISMISSES this proceeding, without prejudice, and DENIES AS MOOT all pending motions.

DATED this 25th day of February 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

---

[3] The Court declines to convert the petition to a civil rights complaint because, as explained in note 2, Petitioner already has a civil rights action pending in this Court that includes similar (if not identical) allegations. See *Pinson*, 69 F.4th at 1075-76 (explaining that the district court *may* convert a habeas petition to a civil rights complaint if it "is amenable to conversion on its face" but is not required to do so).

5 - ORDER OF DISMISSAL